**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RONALD R. VEAL,** | ) |
|       **Petitioner,** | ) |
| vs. | )    Case No. CIV-09-369-F |
| **JUSTIN JONES,** | ) |
|       **Respondent.** | ) |

## REPORT AND RECOMMENDATION

    Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241, challenging a prison disciplinary action. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consist with 28 U.S.C. § 636(b)(1)(B). A response has been filed and Petitioner has filed a reply which he has titled "Petitioner's Objection to Respondent's Response for Writ of Habeas Corpus" (hereinafter "Petitioner's Objection"). Thus, the matter is at issue. For the reasons set forth hereafter, it is recommended that the petition be denied.

    Petitioner is in the custody of the Oklahoma Department of Corrections and is currently assigned to the Cimarron Correctional Facility, a private prison in Cushing, Oklahoma. In this action, Petitioner is challenging a prison disciplinary proceeding as a result of which he was found guilty of Individual Disruptive Behavior - "running from or resisting apprehension within facility" - a Class X offense. Petitioner's Objection at 1, and

Ex. C at 2.[1]

Petitioner asserts that he was denied due process as there was no evidence to support this charge. Petitioner's challenge is based on his belief that the evidence supports only a lesser offense such as destruction of evidence. Petition at 1-2. Respondent contends that the petition should be denied as Petitioner received all the process to which he was entitled and that the disciplinary action was based on some evidence. Response at 12.

**Background**

Respondent submits that on September 29, 2006, the cell to which Petitioner was assigned was searched. Because the officers noticed that Petitioner was acting nervous, they performed a strip search of him. As he began removing his underwear, Petitioner reached inside his briefs and pulled out two baggies, one of which appeared to contain a green leafy substance and the other what appeared to be tobacco. Petitioner put the bag containing the green leafy substance in his mouth, swallowed it, and then lunged toward the toilet with the other bag. Petitioner admits trying to destroy evidence. *See* Petitioner's Objection at 1 ("It's agreed that Petitioner lunged toward the toilet to destroy evidence."). "[W]hen the officers grabbed petitioner[,] he resisted the efforts of the officers and had to be subdued and cuffed as the petitioner . . . failed to obey orders to stop resisting." Response at Ex. 2.

Petitioner was charged with Individual Disruptive Behavior, a class X offense which is set forth in OP-060125 at 02-9 and described as "running from or resisting apprehension

---

[1] Although Petitioner refers to an Exhibit A, there is no Exhibit A attached to Petitioner's Objection, only Exhibits B-D.

within facility, to include hiding within the facility to avoid detection or with the intent to escape." Petitioner's Objection, Ex. C.  According to the investigator's report, Petitioner indicated he did not wish to call witnesses or provide documentary evidence to the investigator.  Response, Ex. 2 at 2.  Petitioner acknowledged that he had received a copy of the misconduct report, the S-1C, and the investigator's report.  Response, Ex. 2 at 8.  Following a hearing which was attended by Petitioner, the hearing officer found him guilty of the Class X offense as charged and imposed discipline of revocation of 365 earned credits.  Response, Ex. 2 at 10.

## DISCUSSION

### Due Process Requirements for Disciplinary Hearings

In Oklahoma, state law creates a liberty interest in earned credits.  *See* Okla. Stat. tit. 57, § 138(A); *see also Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("the State has created a liberty interest in earned credits").  As a result, inmates who earn sentence credits are entitled to due process protection before such credits may be taken away. *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without the minimal safeguards afforded by the Fourteenth Amendment's Due Process Clause).  Although Petitioner was entitled to due process, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

To meet the due process standard in an institutional disciplinary proceeding, an inmate

must receive: (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Wolff,* 418 U.S. at 563-67. *See also Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). In addition, due process requires at least "some evidence" to support any sanctions that are ultimately brought against the prisoner. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005).

Evidence offered by Respondent shows, and Petitioner does not deny, that he had adequate written notice of the conduct with which he was accused, an opportunity to present evidence including witnesses consistent with the institutional safety and correctional goals, and a written statement of the evidence relied upon and the reasons for the disciplinary action. Response, Ex. 2. Thus, the procedural requirements set forth by *Wolff*, *supra*, have been met. Petitioner does challenge, however, the fundamental fairness of the disciplinary hearing, claiming there was insufficient evidence to support the disciplinary conviction as charged.

**<u>Insufficient Evidence</u>**

The Supreme Court has held that judicial review to determine the existence of "some evidence" does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." *Hill*, 472 U.S. at 455. Rather, the issue is simply "whether there is any evidence in the record that could support the

conclusion reached by the disciplinary board." *Id.* at 455-56. The disciplinary decision can be upheld even if the evidence supporting the decision is "meager," so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 457. *See Walker v. Edgell*, No. 93-3166, 1993 WL 371408, *2 (10th Cir. Sept. 23, 1993)[2] ("Mr. Walker should realize that the 'some evidence' standard does not require proof with certainty, proof beyond a reasonable doubt or even proof by a preponderance of the evidence").

Three officers each filed incident statements reporting that Petitioner resisted apprehension after the officers discovered contraband on him. Response, Ex. 2 at 3-7. The hearing officer found no reason to disbelieve the participating officers' statements.[3] Response, Ex. 2 at 10. The undersigned finds that such evidence constitutes "some evidence" that Petitioner resisted apprehension as charged. *See Longstreth v. Franklin*, No. 07-6026, 2007 WL 18742336, *3 (10th Cir. June 29, 2007) (unpublished) (uncorroborated incident report constituted "some evidence" of prisoner's guilt of disciplinary infarction); *Ruelas v. Zuercher*, No. 07-1140, 2007 WL 1991166, *2 (10th Cir. July 11, 2007)

---

[2]This and other unpublished dispositions cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[3]Petitioner's theory in this regard appears to be based, at least in part, on the fact that a subsequent, unrelated 02-9 charge against Petitioner was apparently reduced to a 2-20 offense (attempting to destroy evidence). Petitioner's Objection, Ex. D. Although that subsequent charge also involved an attempt by Petitioner to flush contraband down the toilet, apparently there was no attempt to resist as evidenced by the facts in the instant situation. *See Veal v. Jones*, No. 09-6055, 2009 WL 3287546 (10th Cir. Oct. 14, 2009) (unpublished). Likewise, Petitioner's reliance on similar arguments that may have been successfully raised by other inmates under different circumstances (Petition, Ex. A) is unavailing.

(unpublished) (incident report supported disciplinary hearing officer's finding of guilt and due process requirements were thus satisfied); *Rhatigan v. Ward*, 2006 WL 1851222, *2 (10th Cir. July 6, 2006) (unpublished) (investigating officer's report constituted "some evidence" to support a disciplinary conviction for possession of contraband); *Carter v. Workman*, 2005 WL 174846, *2 (10th Cir. Jan. 27, 2005) (unpublished) (hearing officer's reliance on a reporting officer's statement of events underlying the charge constituted "some evidence" to support the disciplinary conviction).

Petitioner claims that his "sole intent was to destroy evidence and in the process if officers grabbed him he was already [sic] apprehended." Petitioner's Objection at 1. He asserts there was no evidence that he "ran from or resisted apprehension" because at the time of the incident he was in a cell surrounded by three officers, making his apprehension a given. *Id.* For purposes of due process the issue is not, however, a matter of Petitioner's intent; rather, the issue is whether some evidence supports the finding of the hearing officer. Petitioner offers no authority for his restrictive interpretation of the language of 02-9. The officers gave evidence that he resisted and that they restrained him. Response, Ex. 2. Thus, Petitioner cannot show "that the findings of the disciplinary board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. The undersigned finds that the disciplinary hearing at issue comported with the minimum requirements of due process under *Wolff*, *supra*, and that Petitioner's conviction is supported by some evidence. *Hill*, 472 U.S. at 454.

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that

the petition for writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 5th day of November, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 16th day of October, 2009.

*[signature]*

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE